R. H. LEONARD AND OTHER TAXPAYERS OF SURRY COUNTY v. THE BOARD OF COMMISSIONERS OF SURRY COUNTY.

(Filed 26 May, 1923.)

**Constitutional Law—Faith and Credit—"Aye" and "No" Vote—Journals —Majority in Affirmative.**

A bill to authorize a county to pledge its faith and credit by issuing bonds for road purposes, and duly ratified, is not invalid for the failure to meet the requirements of Article II, section 14, of the State Constitution, requiring that all bills of this character shall be read three several times in each house of the General Assembly, and pass three several readings on different days by each house respectively, with the "aye" and "no" vote entered on the journals of each house on the second and third readings, by reason of the failure to record on the journal on the second reading in one of the branches of legislation the "no" vote, when it is made to appear from the entries of the names of those voting in the affirmative that a majority of the voters had so voted, the absence of the entries of the names of those voting in the negative showing that there were none.

CIVIL ACTION, heard May, 1923, on application to restrain defendants from a proposed bond issue for road construction and improvement in

said county, before *Shaw, J.,* presiding in the courts of the Eleventh District. The pertinent facts and the disposition of the question presented appear in his Honor's judgment, as follows:

"This cause coming on to be heard upon the complaint and answer filed, the Court finds as a fact that the General Assembly of North Carolina, at its session 1923, passed an act entitled 'An act to authorize the county commissioners of Surry County to issue $150,000 of county bonds for the purpose of constructing and improving the public roads of Surry County,' said act being ratified on 9 February, 1923, same being House Bill No. 208 and Senate Bill No. 224.

"The court further finds as a fact, from the pleadings of this cause, that the said act was sent from the House of Representatives to the Senate and placed upon the calendar, and on 5 February, 1923, it was called in the Senate for its passage upon the second reading, when the following entries were made, to wit:

" 'Senate Bill 224, House Bill 208, a bill to authorize the county commissioners of Surry County to issue $150,000 of county bonds for the purpose of construction and improving the public roads of Surry County upon the second reading.

" 'Those voting in the affirmative are Senators Armfield, Baggett, Boyette, Brown of Columbus, Brown of Rockingham, Castelloe, Delaney, Ebbs, Grady, Graham, Griffin, Hargett, Harris of Franklin, Harris of Wake, Harrison, Heath, Hodges, Johnson of Beaufort, Jones of Alleghany, Jurney, Lattimore, McDonald, Mendenhall, Moss, Párker, Ray, Sams, Squires, Tapp, Varser, Walker, Williams, Woltz, Woodson—35.'

"The court further finds that the said act was called in the Senate on .... February on its third reading, and the entries made on the journal show that the requirements of Article II, section 14, of the Constitution were complied with, and that the said act was declared by the Senate as duly passed, and ordered to be enrolled, and was duly ratified on 9 February, 1923.

"The court further finds that at the regular meeting of the board of commissioners of Surry County, held at Dobson, the county-seat, on the first Monday in March, 1923, all members of the said board present, appropriate resolution for the issuing and sale of bonds authorized by Senate Bill 224, House Bill 208, were duly and regularly adopted, and that in accordance with such resolutions the board of county commissioners has advertised the said bonds for sale, such sale to take place on 11 June, 1923.

"That this action is brought by R. H. Leonard and others, praying for an order enjoining and restraining the county commissioners from selling said bonds, the plaintiff alleging that the board of commissioners is without authority to sell said bonds upon the ground that the require-

ments of the Constitution of the State of North Carolina, Article II, section 14, were not complied with, in the passage of said act, by the Senate on its second reading for that the Journal fails to show an aye and no vote, as required by Article II, section 14, of the Constitution.

"It is now ordered, adjudged, and decreed that petitioner's request for an injunction restraining the defendant from disposing of the bonds in question be and the same is hereby refused, the court holding that the bonds in question, when issued, will be valid and binding obligation of the county of Surry, and that the legislative authority to issue same is in compliance with the Constitution of North Carolina."

Plaintiff excepted and appealed.

*Folger & Folger for plaintiff.*
*W. F. Carter and Manning & Manning for defendant.*

HOKE, J.  Plaintiff is seeking to restrain the proposed bond issue, because the statute under which defendants are proceeding was not enacted in accord with Article II, section 14, of the Constitution, which provides, among other things, that all bills of this character shall be read three several times in each house of the General Assembly, and pass three several readings, which readings shall have been on three different days and agreed to by each House respectively, and unless the ayes and noes on the second and third readings of the bill shall be entered in the Journal, the single objection being that on the second reading of the bill the entry on the Senate Journal is as follows:

"Senate Bill 224, House Bill 208, a bill to authorize the county commissioners of Surry County to issue $150,000 of county bonds for the purpose of construction and improving the public roads of Surry County upon the second reading.

"Those voting in the affirmative are Senators Armfield, Baggett, Boyette, Brown of Columbus, Brown of Rockingham, Castelloe, Delaney, Ebbs, Grady, Graham, Griffin, Hargett, Harris of Franklin, Harris of Wake, Harrison, Heath, Hodges, Johnson of Beaufort, Jones of Alleghany, Jurney, Lattimore, McDonald, Mendenhall, Moss, Parker, Ray, Sams, Squires, Tapp, Varser, Walker, Williams, Woltz, Woodson—35."

Thus, as appellant contends, showing no entries of any negative votes.

The question presented has been directly resolved against appellant's position in *Comrs. v. Trust Co.*, 143 N. C., 110.  In that case, as here, the entry showing that a large majority of the Senate voted for the bill, giving the names of the Senators so voting, with no entry of negative votes, the Court held:  "An entry on the legislative journal that 'The bill passed its second reading, ayes 39, noes ......, as follows': then follows a list of those voting in the affirmative, without any reference to those voting in the negative, indicates that the bill passed by a unanimous vote

in that there were no names to be recorded in the negative, and is a compliance with the requirements of Article II, section 14, of the Constitution, that the ayes and noes shall be entered on the journals. *Debnam v. Chitty,* 131 N. C., 657, overruled."

The authority is decisive, and the judgment of his Honor is

Affirmed.